IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Julius B. Nesbitt,<br><br>                  Plaintiff,<br><br>vs.<br><br>Allen O'Neal, et al.,<br><br>                  Defendants. | Civil Action No. 6:09-2874-RBH-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On March 31, 2010, defendants Cannon, Dell, Lucas and O'Neal filed a motion for summary judgment. On April 1, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), an order was mailed to the plaintiff's last known address (2394 Browns Ferry Road, Georgetown, SC 29440) advising him of the summary judgment procedure and the possible consequences if he failed to respond adequately. On April 5, 2010, defendants Bowers, Jacobs, and Prison Health Services, Inc., filed a motion to dismiss or for summary judgment. A second *Roseboro* order was filed on April 6, 2010, and mailed to the defendant. The envelope containing this order was returned to the court as the plaintiff is apparently no longer incarcerated at the facility. On April 12, 2010, defendant Aramark filed a motion for summary judgment, and a third *Roseboro* order was mailed to

the defendant at the above address on April 13, 2010. This order was also returned to the court indicating that the plaintiff was no longer incarcerated at the facility.

The record reveals that the plaintiff was advised by order dated December 2, 2009, of his responsibility to notify the court *in writing* if his address changed.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution.

s/William M. Catoe
United States Magistrate Judge

April 15, 2010

Greenville, South Carolina