IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Julius B. Nesbitt, ) | Civil Action No.: 6:09-cv-02874-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Allen O'Neal, Al Cannon, Mr. Lucas, ) | |
| Ashley Dell, Dr. Jacobs, Ms. Bowers, ) | |
| Prison Health Services, Inc., Aramark ) | |
| Correctional Services LLC a/k/a Aramark ) | |
| Food Services, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, a state prisoner proceeding *pro se*, brought this suit pursuant to 42 U.S.C. § 1983. This matter is now before the court with the [Docket Entry 63] Report and Recommendation of United States Magistrate Judge William M. Catoe[1] filed on April 15, 2010.

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the

---

[1] This matter was referred to Magistrate Judge Catoe pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.

court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Neither party filed objections to the Report and Recommendation, but the court received a letter from Plaintiff on April 29, 2010. *See* Letter [Docket Entry 75]. Plaintiff's letter sets forth his reasons for not responding to Defendants' summary judgment motion, his reasons for not keeping the court updated as to his current address, and his indication that he will not file any objections. *See id.* at 4. After the letter, it is unclear to the court whether Plaintiff seeks an extension of time for filing objections or simply has no intention of filing any objections. However, the court notes that the last paragraph of the letter states that "objections to Magistrate Judge Catoe's Reports and Recommendations *will not be filed*." *Id.* at 4 (emphasis added). Based on that statement, the court will adopt the Report and Recommendation of the Magistrate Judge. In doing so, the court has reviewed the face of the record for clear error, and finds none. *See Diamond*, 416 F.3d at 315.

However, out of an abundance of caution, if the intent of Plaintiff's letter was to ask for an extension of time for filing objections to the Magistrate Judge's Report, the court will consider a timely filed motion to reconsider which includes any and all objections that Plaintiff may have to the Magistrate Judge's Report.

## Conclusion

For the reasons stated above, the court adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. Accordingly, this action is **DISMISSED** for lack of prosecution.

**IT IS SO ORDERED.**

                                                s/R. Bryan Harwell  
                                                R. Bryan Harwell  
                                                United States District Judge

Florence, South Carolina  
May 5, 2010